**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-24766-JB**

LEANDRO RAMIREZ-RUIZ,

Petitioner,

v.

KROME NORTH SERVICE
PROCESSING CENTER, *et al.*,

Respondents.
_______________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court upon Petitioner Leandro Ramirez-Ruiz's Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondent filed a Response in opposition to the Petition and Petitioner filed a Reply. ECF Nos. [8], [10]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner is a Cuban citizen who last entered the United States as Lawful Permanent Resident on June 4, 1984. ECF No. [8-1]. On January 24, 1995, Petitioner was charged as deportable under section 241(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA"), as amended, in that, at any time after entry, he was convicted of two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. ECF No. [8-2] ¶ 10. On November 28, 1995, the

Immigration Judge ("IJ") entered an order of deportation against Petitioner. *Id.* ¶ 11; ECF No. [8-7]. On December 5, 1995, Petitioner timely appealed the Immigration Judge's order of deportation. ECF No. [8-2] ¶ 12. On July 26, 1996, the Board of Immigration Appeals dismissed Petitioner's appeal resulting in a final order of deportation. *Id.* ¶ 13. On June 21, 1996, Petitioner was taken into INS custody. *Id.* ¶ 14. On March 3, 1997, Petitioner was released from custody on an Order of Supervision ("OSUP"). *Id.* ¶ 15.

On July 22, 1998, Petitioner was convicted of Grand Theft in the Third Degree in violation of Florida Statute 812.014(2)(C), Possession of an Unlawfully Issued Driver's License/ID in violation of Florida Statute 322.212, and Possession of Cocaine in violation of Florida Statute 893.02(2)(A)(4). *Id.* ¶ 16. On October 12, 1998, Petitioner was convicted of Attempted Burglary of an Occupied Dwelling or Conveyance in violation of Florida Statute 810.02(3). *Id.* ¶ 17. On February 24, 2003, Petitioner was taken into ICE custody. *Id.* ¶ 18. On May 8, 2003, a Post Order Custody Review was conducted, and on May 14, 2003, Petitioner was released on OSUP. *Id.* ¶¶ 19, 20.

On January 23, 2006, Petitioner was convicted of Aggravated Fleeing and Eluding in violation of Florida Statute 316.1935(2), Driving while License Revoked in violation of Florida Statute 322.4(5), Resisting/Obstructing Arrest without Violence in violation of Florida Statute 843.02, Reckless Driving in violation of Floria Statute 316.192(1), and Unlawful Use of a False Name/Identity in violation of Florida

Statute 901.36(1). *Id.* ¶ 21. On June 2, 2008, ICE ERO took custody of Petitioner. *Id.* ¶ 22. On June 12, 2008, Petitioner was released from custody on an OSUP. *Id.* ¶ 23.

On May 12, 2026, following additional convictions and encounters with law enforcement, ICE and Enforcement and Removal Operations ("ERO") encountered Petitioner after he was arrested by the Florida Department of Law Enforcement and transported to ICE's Miramar office. *Id.* ¶¶ 24–30. On the same date, ICE ERO revoked the Petitioner's OSUP. *Id.* ¶ 31. Petitioner is currently detained at the Miami Federal Detention Center. *Id.* ¶ 36.

On July 13, 2026, Petitioner filed the instant Petition. ECF No. [1]. Petitioner challenges the constitutionality of his continued detention and argues that his removal is not reasonably foreseeable as Respondents have failed to show that a country is willing to accept him. *Id.* at 4. Relatedly, Petitioner argues that prior attempts are removal do not reset the time required to remove him. *Id.* at 5. Petitioner asks the Court to order his immediate release from custody or, alternatively, order Respondents to provide evidence that a third-country is willing to accept him. *Id.* at 6.

On July 23, 2026, Respondents filed their Response to the Petition. ECF No. [8]. First, Respondents note that revocation of Petitioner's Order of Supervision was lawful and cannot be reviewed by the Court. *Id.* at 5−8. Respondents argue that Petitioner is lawfully detained under 8 U.S.C. section 1231 because he is subject to an administratively final order of removal. *Id.* Further, Respondents argue that

Petitioner's renewed detention does not violate *Zadvydas v. Davis* because he has been detained fewer than six months. *Id.* at 6–7.

In reply, Petitioner argues that Respondents have not provided any evidence showing that his removal is reasonably foreseeable, noting that Cuba has repeatedly refused to accept him and that ICE has attempted to remove him four separate times. ECF No. [10] at 1–2. Petitioner next argues that his detention, when aggregated, has now exceeded one year and is presumptively unlawful. *Id.* at 3–4. Petitioner again requests that the Court order his immediate release and place him under an order of supervision. *Id.* at 6–7.

## II. ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

As mentioned, Petitioner is subject to a final removal order and, thus, his detention is governed by Title 8 U.S.C. § 1231. Section 1231(a)(1) requires the Government to effectuate an alien's removal within a ninety-day "removal period." 8 U.S.C. § 1231(a)(1). During this removal period, the Government must detain the alien. 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General

shall detain the alien."). The government may detain an alien beyond the ninety-day removal period only for a length of time "reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689.

In *Zadvydas*, the Supreme Court considered the petitions of two resident aliens who challenged the constitutionality of their detentions pursuant to 8 U.S.C. § 1231(a)(6), which permits the Government to detain an alien subject to a final order of removal beyond the 90-day statutory removal period set forth in § 1231(a)(1). *Id.* at 682. Although no country was willing to accept either alien once they were ordered removed, the Government continued to detain them after the expiration of § 1231(a)(1)'s 90-day removal period. *Id.* at 684-86. The Supreme Court held that a detainee may file a petition for writ of habeas corpus to challenge the reasonableness of their continued detention when the Government is unable to effectuate removal within the 90-day removal period. *Id.* at 687.

The Supreme Court further held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute" because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 690, 699. In so ruling, the Supreme Court explained that it is presumptively reasonable for the Government to detain an individual for a period of six months while it effectuates that individual's removal. *Id.* at 701. That said, after this six-month period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus, "conditioned on any of the various

forms of supervised release that are appropriate in the circumstances . . . ." *Id.* at 699–700.

Accordingly, to state a valid claim under *Zadvydas*, a petitioner must show (1) "post removal order detention in excess of six months," and (2) "a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thereafter, the burden shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Id.* (quoting *Zadvydas*, 533 U.S. at 701 ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.").

Here, the first prong is not met given that Petitioner had been in custody for less than six months when he filed the Petition. *See* ECF No. [1]; *Akinwale*, 287 F.3d at 1052 ("This six-month period thus must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under *Zadvydas*."). Indeed, at the time Petitioner filed his Petition, he had only been detained for a period of 61 days. If the Court were to follow Petitioner's aggregation arguments, then "any subsequent period of detention, even one day, would raise constitutional concerns. And adjudicating the constitutionality of every re-detention would obstruct an area that is in the discretion of the Attorney General—effectuating removals." *Barrios v. Ripa*, No. 1:25-CV-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025) (rejecting the petitioner's "argu[ment] that his detention should be counted in the aggregate based

upon his prior detentions"); *see also Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 WL 406708, at *2–3 (S.D. Fla. Feb. 13, 2026) (declining to aggregate multiple detentions "[g]iven the executive branch's immigration-related expertise and statutory authority to effectuate removals" and the absence of evidence that "the government has engaged in...[an] evasive scheme"). Accordingly, because the first prong of the *Zadvydas* analysis is not met, Petitioner's claim is premature, and his detention does not violate due process.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Petitioner's Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **DENIED**. The Clerk is directed to **CLOSE** this case. Any pending motions are **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of September, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**